

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00246-CV

**IN THE INTEREST OF B.A.** and J.A., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01203
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 28, 2013

AFFIRMED

Crystal A. appeals the termination of her parental rights to her children B.A. and J.A.[1] She

contends the trial court's finding that termination was in her children's best interest was not

supported by sufficient evidence. We affirm.

### BACKGROUND

In May 2012, the Texas Department of Family and Protective Services petitioned for the

removal of B.A. and J.A. from the custody of their parents and the termination of the parents'

rights to the children. The petition was filed after Crystal A. took B.A., who was two years' old,

to the hospital with multiple rib fractures and injuries to her internal organs. The trial court

---

[1]To protect the identity of the minor children, we refer to the children's parents by their first name and last initial and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2008); TEX. R. APP. P. 9.8(b)(2).

appointed the Department as the temporary managing conservator of the children. Following a bench trial in March 2013, the trial court terminated the parents' rights and awarded the Department permanent managing conservatorship of the children. The court found that Crystal A. had left her children in conditions or surroundings that endangered their physical or emotional well-being and failed to comply with her service plan. Crystal A. appeals that order, arguing the evidence is legally and factually insufficient to support the best interest finding.[2]

### BEST INTEREST

To terminate parental rights under the Family Code, the State must prove by clear and convincing evidence that (1) the parent has committed an act or omission listed in section 161.001 and (2) termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001 (West 2008 & Supp. 2012). When determining whether termination is in a child's best interest, the factfinder may take measure of a parent's past conduct to anticipate the parent's likely future conduct. *In re D.S.*, 333 S.W.3d 379, 384 (Tex. App.—Amarillo 2011, no pet.). Undisputed evidence that the parental relationship endangered the safety of the child can justify the firm belief or conviction that termination is in a child's best interest. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). When evaluating the sufficiency of the evidence, we judge whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *Id.* at 25.

The Department caseworker in charge of the children's case testified the Department became involved with the family because of allegations of physical abuse by the mother's "paramour." He testified that B.A. was admitted to a hospital with abdominal injuries that required emergency surgeries to remove her appendix and a piece of her small intestine. He also informed the court that Crystal A. was presently charged with injury to a child by omission for failure to

---

[2] The trial court also terminated the parental rights of Jacob M. as B.A.'s father and the parental rights of Jimmy T. as J.A.'s father. The fathers do not appeal.

protect B.A. Crystal A. does not challenge the trial court's finding that she "knowingly placed or knowingly allowed [B.A. and J.A.] to remain in conditions or surroundings which endanger the physical or emotional well-being of the children." *See* TEX. FAM. CODE ANN. § 161.001(1)(D).

Once the children were in the Department's care, a service plan was created for Crystal A. Crystal A. did not sign the service plan, but an order in the record signed after a previous status hearing adopts the service plan as an order of the court and contains a finding that Crystal A. had reviewed and understood the service plan. *See* TEX. FAM. CODE ANN. § 263.103(d)(2) (West 2008 & Supp. 2012) ("The original service plan takes effect when . . . the court issues an order giving effect to the plan without the parents' signatures."). The caseworker testified Crystal A. had not completed several elements of her service plan, including completing domestic violence, parenting, PIP, and empowerment classes; undergoing a psychological evaluation; and attending counseling. Crystal A. does not challenge the trial court's finding that she "failed to comply with the provisions of a court order that specifically established the actions necessary for [her] to obtain the return of the children . . . ." *See id.* § 161.001(O) (West 2008). The classes and counseling Crystal A. failed to complete were directly related to underlying reasons for the children's removal; her failure to complete those elements is evidence that the children would continue to be in danger if they were returned to her. *See In re O.N.H.*, 401 S.W.3d 681, 687 (Tex. App.—San Antonio 2013, no pet.) (father's lack of compliance with his service plan showed he was not learning how to protect his children from his wife's severe alcoholism).

In the caseworker's opinion, placing the children with Crystal A. was not a safe or suitable choice for the children because she was not able to provide a safe home for them, and it was in her children's best interest that her rights be terminated. The caseworker testified the Department's long-term placement plan was to have the children's foster parents adopt them if termination was reached. He testified it was a suitable placement that would meet the children's needs.

## CONCLUSION

We have reviewed the evidence in the light most favorable to the finding and determined "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Accordingly, the evidence is legally sufficient. Because the parts of the caseworker's testimony on which we rely were undisputed, we cannot conclude that the evidence is factually insufficient. *See id.* We affirm the order of termination.


Luz Elena D. Chapa, Justice